# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| ANITA JOY SIMPSON | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  CV 510-079 |
| | * |
| CERTEGY CHECK SERVICES, | * |
| | * |
| Defendant. | * |

## ORDER

Presently before the Court is Certegy Check Services ("Certegy") Motion for Summary Judgment. Dkt. No. 129. Upon due consideration, Certegy's Motion is **GRANTED**.

## BACKGROUND

This case arises from Plaintiff Anita Joy Simpson's unsuccessful attempts to purchase gasoline and other items by personal check at a Murphy Oil gas station in Douglas, Georgia. Certegy is a nationwide specialty consumer-reporting agency that provides check verification and warranty services to that Murphy Oil station. Dkt. 129, Ex. A, Kibilda Aff. at ¶¶ 5 & 12.[1] For its warranty clients, Certegy sets the risk management

---

[1] Kamila Kibilda is the Vice-President-Analytics and Business Development of Certegy Check Services, Inc.

1

parameters that it runs on each check and assumes payment responsibility should an authorized check subsequently be dishonored by the check writer's bank. Id. Consequently, a client of Certegy takes into consideration whether Certegy has agreed to warrant a check in determining whether to accept it. Id. at ¶ 6. However, the actual retail merchant makes the decision of whether or not to accept the check independently. Id. As a result, even if Certegy declines to warrant a check, it is ultimately up to Certegy's client whether or not the check is accepted. Id. at ¶ 11.

On seven occasions, Plaintiff attempted to write checks to Murphy Oil, which Certegy declined to authorize and warrant. Dkt. No. 129, Ex. B, Simpson Dep. at 17. Certegy submits that it declined to warrant the checks because the checks matched high-risk patterns Certegy was tracking with that particular Murphy Oil station. Dkt. 129, Ex. A, Kibilda Aff. at ¶ 14. On each occasion, Murphy Oil declined to accept the check. Id. at ¶ 16. Likewise, on each occasion an employee of Murphy Oil informed the Plaintiff that Murphy Oil would not accept the check. Id. No Certegy employee was present at the Murphy Oil station on any of these occasions. Id. at ¶ 17. Because the Plaintiff's check was declined, she was forced to purchase the gasoline and other items by alternative means. Dkt. No. 129, Ex. B, Simpson Dep. at 19, 32, 34, 35, 36, 39 & 133.

AO 72A
(Rev. 8/82)

Plaintiff, and her then legal counsel,[2] contacted Certegy regarding the check declines. Dkt. No. 129, Ex. A. In response to Plaintiff's objections to Certegy's decision not to warrant her checks, Certegy offered to elevate the Plaintiff to Preferred Status, include her in its VIP classification, and consider her application for Certegy Gold. Dkt. 129, Ex. A, Kibilda Aff. at ¶ 18. The sum of these efforts was that Plaintiff's checks would be more likely to be warranted by Certegy. Certegy informed Plaintiff, however, that such measures would not guarantee that her checks would be warranted or accepted. Id. According to Plaintiff, Certegy's efforts did not result in her checks being warranted, despite her persistence in writing personal checks at the Murphy Oil station.

Plaintiff filed suit in this Court on August 18, 2010.[3] Dkt. No. 1. In light of the numerous deficiencies within the original Complaint, and subsequent complaints, the Plaintiff has been forced (and has at times voluntarily elected) to file a number of amended complaints. The latest complaint filed by the Plaintiff is her Fourth Amended Complaint. Dkt. No. 98. Only two causes of action remain in Plaintiff's Fourth Amended Complaint: (1) intentional infliction of emotional distress, and

---

[2] Plaintiff is currently *pro se*.
[3] Plaintiff thereafter filed four additional related lawsuits. Dkt. No. 129 at 3.

(2) invasion of privacy/false light. Certegy has moved for summary judgment as to both of these claims contending that it is entitled to judgment as a matter of law.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure provide that a party may move for summary judgment through identifying each claim or defense on which summary judgment is sought. Fed. R. Civ. P. 56(a). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Investor Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material

fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court there is an absence of evidence to support the non-moving party's case. Id. at 325. If the moving party discharges this burden, then the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

**DISCUSSION**

**1. Intentional Infliction of Emotional Distress**

To recover for an intentional infliction of emotional distress claim the Plaintiff must show evidence that: 1) defendants' conduct was intentional or reckless; (2) defendants' conduct was extreme and outrageous; (3) a causal connection existed between the wrongful conduct and the emotional distress; and (4) the emotional harm was severe. Abdoul-Malik v. AirTran Airways, Inc., 678 S.E.2d 555, 558-59 (Ga. Ct. App. 2009) (citing Kirkland v. Earth Fare, Inc., 658 S.E.2d 433 (Ga. Ct. App. 2008)). Certegy submits that the Plaintiff is unable to sustain her burden as to any of the elements of the prima facie case outlined above. Dkt. No. 129 at 11-17. Although the Court agrees with Certegy's contention, the Court need only analyze

AO 72A
(Rev. 8/82)

the second element of the prima facie case to come to the conclusion that summary judgment is warranted as to this claim.

Liability for intentional infliction of emotional distress "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Biven v. Software, Inc. v. Newman</u>, 473 S.E.2d 527, 529 (Ga. Ct. App. 1996) (internal citations and quotations omitted). Whether actions rise to the level of extreme and outrageous conduct necessary to support a claim of intentional infliction of emotional distress is generally a question of law. <u>Id.</u>

For conduct to be sufficiently extreme and outrageous it must be "so serious as to *naturally* give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress." <u>Jones v. Fayette Family Dental Care, Inc.</u>, 2011 WL 5009531, at *2 (Ga. App. Oct. 21, 2011) (citing <u>United Parcel Serv. v. Moore</u>, 519 S.E.2d 15 (Ga. Ct. App. 1999)). Notably, "conduct including insults, threats, indignities, annoyances, petty oppressions, or other vicissitudes of daily living" are not actionable. <u>Ashman v. Marshall's of MA, Inc.</u>, 535 S.E.2d 265, 267 (Ga. Ct. App. 2000). Instead, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to

AO 72A
(Rev. 8/82)

go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Phinazee v. Interstate Nationalease, 514 S.E.2d 843, 845 (Ga. Ct. App. 1999). The common test in determining if conduct reaches this level is whether a "recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to declare that the situation is outrageous." Canziani v. Visiting Nurse Health Sys. Inc., 610 S.E.2d 660, 662-63 (Ga. Ct. App. 2005) (citations and punctuation omitted). The conduct at issue here falls well short of this standard.

Plaintiff's claim for intentional infliction of emotional distress appears to be premised on her contention that Certegy wrongfully decided to not warrant her personal checks and that Certegy's offers to elevate her status within its system did nothing to alleviate the problem. More specifically, Plaintiff appears to argue that because Certegy attempted to elevate her status within their system to increase the chances that her checks would be warranted, and her checks were still not warranted, Certegy has acted in an extreme and outrageous manner. This argument is without merit.

Certegy's decisions not to warrant the Plaintiff's checks (much like Murphy Oil's decision not to accept the checks) were ultimately business decisions based upon risk factors associated

7

with cashing the check at that particular station. Although Plaintiff was displeased with this business decision, "[s]harp or sloppy business practices . . . are not generally considered as going beyond all reasonable bounds of decency as to be utterly intolerable in a civilized community." United Parcel Serv. v. Monroe, 519 S.E.2d 15, 15 (Ga. Ct. App. 1999) (citing Discovery Point Franchising, Inc. v. Miller, 505 S.E.2d 822 (Ga. Ct. App. 1998)).

Plaintiff also argues that Certegy is responsible for the manner in which Murphy Oil communicated its decision to decline the checks. Contrary to this assertion, Certegy is neither responsible for Murphy Oil's decision to decline the check or the manner in which Murphy Oil chose to communicate its decision. It is Murphy Oil who is instead responsible for such conduct. However, even if the cashier's method of notifying Plaintiff of its decision not to accept her checks was annoying or insensitive, "there is no occasion for the law to intervene in every case where someone's feelings are hurt." Kirkland, 289 658 S.E.2d at 437 (quoting Wilcher v. Confederate Packaging, Inc., 651 S.E.2d 790 (Ga. Ct. App. 2007)). It simply cannot be said that Certegy's conduct as it relates to the Plaintiff was "atrocious and utterly intolerable in a civilized community." Phinazee, 514 S.E.2d at 845. Consequently, Plaintiff is unable

AO 72A
(Rev. 8/82)

to carry her burden as to this claim and Certegy is entitled to judgment as a matter of law.

## 2. Invasion of Privacy/False Light

The thrust of Plaintiff's second claim is that Certegy invaded her privacy by portraying her in a false light as needy, indigent, or dishonest when Certegy disclosed to Murphy Oil that it had declined to warrant Plaintiff's checks. Dkt. No. 98 at ¶ 59. Certegy contends that it is entitled to summary judgment on Plaintiff's invasion of privacy/false light claim because said claim is preempted by the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. (FCRA). Dkt. No. 129 at 5. Further, Certegy submits that it is also entitled to summary judgment because Plaintiff has failed to carry her burden as to the essential elements for this claim. Both of Certegy's arguments are meritorious and independently entitle Certegy to summary judgment.

Under the FCRA "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer agency . . . based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title." 15 U.S.C. § 1681h(e). Certegy is a specialty consumer reporting

agency under 15 U.S.C. § 1681(x), and thus, is protected under 15 U.S.C. § 1681h(e). Dkt. 129, Ex. A, Kibilda Aff. at ¶ 4. Furthermore, the disclosures made by Certegy to Murphy Oil were disclosures made pursuant to § 1681g and § 1681h.

Because Certegy furnished this information to Murphy Oil within the purview of § 1681h, Plaintiff's state law claim for invasion of privacy/false light is pre-empted by the FCRA unless the Plaintiff can prove that Certegy acted with malice or with a willful intent to injure her. See Lofton-Taylor v. Verizon Wireless, 262 F. App'x 999, 1002 (11th Cir. 2008) ("[Section 1681h(e) means that where a company furnishes credit information about a consumer to a credit reporting agency pursuant to the Fair Credit Reporting Act, the company furnishing the information is protected from state law defamation and invasion of privacy claims unless the information it provided was both false and also given with the malicious or willful intent to damage the consumer."); see also Jordan v. Equifax Info. Servs., Inc., 410 F. Supp. 2d 1349, 1355 (N.D. Ga. 2006) ("The FCRA preempts defamation and negligent reporting claims brought pursuant to state law unless the plaintiff can prove that the defendant acted with malice or with a willful intent to injure him."); Moore v. Equifax Info. Servs. LLC, 333 F. Supp. 2d 1360, 1367 (N.D. Ga. 2004) ("Under the FCRA, anyone who furnishes information to a consumer reporting agency is immune from state

AO 72A
(Rev. 8/82)

law defamation actions 'except as to false information furnished with malice or willful intent to injure such consumer.'" quoting 15 U.S.C. § 1681h(e)). Here, there is simply no evidence that Certegy acted with malice or with a willful intent to injure the Plaintiff. Certegy simply declined to warrant her checks because the checks matched high-risk patterns that Certegy was tracking at the particular station. It did so to carry out its contract with Murphy Oil, not with any intent to injure the Plaintiff. Plaintiff has pointed to actual admissible evidence otherwise. Thus, Plaintiff's invasion of privacy/false light claim is pre-empted by the FCRA.

Moreover, even if Plaintiff's claim was not pre-empted it would fail on the merits. The tort of invasion of privacy protects, *inter alia*, the right to be free from unwarranted publicity as well as from the "publicizing of one's private affairs with which the public has no legitimate concern." Napper v. Ga. Television Co., 356 S.E.2d 640, 644 (Ga. 1987) (internal quotations and citations omitted). To recover under this theory, at least three elements must be established: "(a) the disclosure of private facts must be a public disclosure; (b) the facts disclosed to the public must be private, secluded or secret facts and not public ones; (c) the matter made public must be offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances." Id. (internal

AO 72A
(Rev. 8/82)

quotations and citations omitted). Plaintiff is unable to sustain her burden as to any of these essential elements.

Certegy did not make any public disclosure about the Plaintiff. Rather, Certegy simply declined to warrant her check, and informed Murphy Oil of its decision. Certegy did not make this decision public. Nor did Certegy make the decision for Murphy Oil not to accept the check – much less announce the decision to the public. Indeed, it is undisputed that no Certegy employee was even present at the Murphy Oil on any of the occasions when her checks were declined. Dkt. 129, Ex. A, Kibilda Aff. at ¶ 17. Additionally, Certegy's decisions not to warrant Plaintiff's checks were not "offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances." Napper, 356 S.E.2d at 644. To the contrary, such decisions were necessary pursuant Certegy's contract to provide electronic risk management and authorization services. Consequently, Plaintiff's claim fails as she is unable to sustain her burden as to the essential elements of this claim.

AO 72A
(Rev. 8/82)

**CONCLUSION**

For the reasons above, Certegy's Motion for Summary Judgment is **GRANTED**. Dkt. No. 129. The Clerk of Court is instructed to close the case and enter an order of Final Judgment.

**SO ORDERED**, this 14th day of August, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

13